OPINION
{¶ 1} Plaintiff-appellant Celeste E. Brammer appeals from the April 11, 2005, Judgment Entry of the Delaware County Court of Common Pleas, Domestic Relations Division, which granted appellees Donald L. and Judy L. Brammer visitation with their grandchildren, the children of appellant and Mark Brammer.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Plaintiff-appellant Celeste Brammer [hereinafter appellant] and defendant Mark Brammer [hereinafter Mr. Brammer] were married on December 28, 1991. Two children were born of the marriage: Michael (d.o.b. 7/19/93) and Jacob (d.o.b. 6/16/98).
 {¶ 3} The parties separated in December, 2000. The marriage was terminated by a Decree of Divorce filed June 4, 2002. The Decree of Divorce incorporated a Separation Agreement entered into between the parties. The Separation Agreement named appellant sole residential and legal custodian of the children. The Separation Agreement granted Mr. Brammer parenting time and included a statement that "all parenting time of father shall be exercised in the presence of his parents, Donald and Judy Brammer [appellees].
 {¶ 4} On December 5, 2003, appellees filed a motion to intervene and request for companionship. Essentially, appellees, as paternal grandparents, sought court ordered visitation with Michael and Jacob.
 {¶ 5} The matter came on for hearing before a Magistrate on June 17, 2004. The hearing was attended by appellant and appellees. Mr. Brammer, the children's father, was not present. Mr. Brammer is an officer in the United State Air Force who, at the time of these proceedings, was stationed in London, England. Over appellant's objections, the Magistrate proceeded to hear the merits of the motion for companionship. By a Magistrate's Decision filed August 27, 2004, the Magistrate recommended that appellees' request for visitation with the children be granted.
 {¶ 6} Appellant filed timely objections to the Magistrate's Decision. However, by a Judgment Entry filed April 11, 2005, the trial court overruled appellant's objections and granted appellees visitation rights with Michael and Jacob.
 {¶ 7} It is from the April 11, 2005, Judgment Entry that appellant appeals, raising the following assignments of error:
 {¶ 8} "I. THE MAGISTRATE ERRED IN HOLDING A HEARING ON THE GRANDPARENTS' MOTION, AND ULTIMTELY [SIC] GRANTING THAT MOTION, EVEN THOUGH THE GRANDPARENTS HAVE NEVER BEEN MADE PARTIES TO THE CASE.
 {¶ 9} "II. THE MAGISTRATE ERRED IN PROCEEDING TO HEAR THE MERITS OF THE GRANDPARENTS' REQUEST FOR COMPANIONSHIP WHEN THE GRANDPARENTS THEMSELVES REQUESTED BIFURCATED HEARINGS ON THEIR MOTION TO INTERVENE AND REQUEST FOR COMPANIONSHIP.
 {¶ 10} "III. THE TRIAL COURT ABUSED ITS DISCRETION IN AWARDING VISITATION RIGHTS WITHOUT FIRST FINDING THE GRANDPARENTS HAD AN INTEREST IN THE WELFARE OF THE CHILDREN, AS REQUIRED BY R.C. [SEC.] 3109.05 [SIC](B)(1)(b).[1]
 {¶ 11} "IV. THE TRIAL COURT ABUSED ITS DISCRETION IN AWARDING VISITATION RIGHTS WITHOUT FIRST FINDING VISITATION RIGHTS TO BE IN THE BEST INTERESTS OF THE CHILDREN, AS REQUIRED BY R.C. [SEC.]3109.05 [SIC] (B)(1)(c).
 {¶ 12} "V. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN FAILING TO CONDUCT AN INDEPENDENT DE NOVO REVIEW OF THE MAGISTRATE'S DECISION AND THE RECORD WHEN CONSIDERING PLAINTIFFA-PPELLANT'S OBJECTIONS.
 {¶ 13} "VI. THE MAGISTRATE AND TRIAL COURT UNCONSTITUTIONALLY APPLIED R.C. [SEC.] 3109.051 IN A PROCEEDING INITIATED BY THE GRANDPARENTS TO ESTABLISH VISITATION WHEN, IN CONSIDERING ALL APPROPRIATE FACTORS, IT FAILED TO ACCORD ANY SPECIAL WEIGHT OR DEFERENCE TO THE WISHES OF THE FIT CUSTODIAL PARENT."
 I {¶ 14} In the first assignment of error, appellant contends that the grandparents were never made a party to the case and therefore it was error to hold a hearing on appellees' motion and grant appellees' motion for companionship. Appellees respond that the trial court implicitly determined appellees to be parties when it held a hearing on the motion for companionship and granted the motion. We agree with appellees.
 {¶ 15} In this case, appellees filed a joint motion seeking to intervene and requesting that the trial court grant them companionship with their grandchildren, Michael and Jacob. We agree with appellees that the trial court implicitly made appellees parties to the case when it held a hearing on the joint motion and granted the motion for companionship.
 {¶ 16} Accordingly, appellant's first assignment of error is overruled.
 II {¶ 17} In the second assignment of error, appellant contends that the Magistrate erred when it proceeded to hear the merits of appellees' request for companionship when appellees had requested that there be a hearing to "determine whether or not they [were] appropriate parties" to the action and a subsequent hearing on the merits of their request for companionship. We disagree.
 {¶ 18} Appellee raises several due process arguments, each essentially asserting that appellant was prejudiced by the Magistrate's decision to hear both issues at the same, initial hearing. However, the notice of the hearing stated that "[t]he Motion to Intervene and Request for Companionship shall come on for hearing on the 17th day of February, 2004 at 3:00. . . ." This notice indicates that both motions and issues would be heard that day, at the same time. This notice was issued January 15, 2004. The hearing was ultimately held on June 17, 2004. As such, appellant was given notice and ample time to prepare for the joint hearing.
 {¶ 19} For the foregoing reasons, appellant's second assignment of error is overruled.
 III IV {¶ 20} In the third assignment of error, appellant contends that the trial court abused its discretion when it awarded visitation rights to appellees without first finding that appellees had an interest in the welfare of the children, as required by R.C. 3109.051(B)(1)(b). In the fourth assignment of error, appellant argues that the trial court abused its discretion when it awarded visitation without first finding that the visitation rights were in the best interests of the children, as required by R.C. 3109.051(B)(1)(c). This court will consider these two assignments of error together.
 {¶ 21} Revised Code 3109.051(B)(1) authorizes a court to grant grandparent visitation under some circumstances. That statute states as follows, in relevant part:
 {¶ 22} "(1) In a divorce, dissolution of marriage, legal separation, annulment, or child support proceeding that involves a child, the court may grant reasonable companionship or visitation rights to any grandparent, any person related to the child by consanguinity or affinity, or any other person other than a parent, if all of the following apply:
 {¶ 23} "(a) The grandparent, relative, or other person files a motion with the court seeking companionship or visitation rights.
 {¶ 24} "(b) The court determines that the grandparent, relative, or other person has an interest in the welfare of the child.
 {¶ 25} "(c) The court determines that the granting of the companionship or visitation rights is in the best interest of the child.
 {¶ 26} It is apparent the trial court implicitly determined that appellees have an interest in the welfare of the children and that visitation was in the best interest of the children. After stating the applicable law, the trial court made several findings which demonstrate that the trial court made the required determinations. For example, the trial court noted that the grandparents saw the children prior to the divorce and found that the children have a good interaction and relationship with appellees. The trial court then found that appellant "has not been willing to schedule any parenting time" with appellees. Based upon a review of the trial court's findings, we find that the trial court implicitly determined appellees had an interest in the welfare of the children and that visitation was in the children's best interest when it granted visitation to appellees. Accordingly, appellant's third and fourth assignments of error are overruled.
 V {¶ 27} In the fifth assignment of error, appellant asserts that the trial court erred when it failed to conduct a de novo review of the Magistrate's Decision and the record when it considered appellant's objections to the Magistrate's Decision. Appellant challenges the trial court's overruling of appellant's objections "for the reasons set forth in the Reply Memorandums of the grandparents' memoranda." April 11, 2005 Judgment Entry. In short, appellant asserts that the trial court's Entry amounts to nothing more than a "rubber-stamp" approval of the Magistrate's Decision. We disagree.
 {¶ 28} In this case, we find that the trial court did not merely "rubber stamp" the magistrate's decision. The record demonstrates that the trial court simply decided in favor of the appellees after reviewing the briefs and the record. The trial court essentially stated that upon consideration of appellant's objections, the parties' memorandums and the transcript, appellant's objections should be overruled for the reasons stated in the appellees' Reply Memorandums. We find no reversible error.
 {¶ 29} Accordingly, appellant's fifth assignment of error is overruled.
 VI {¶ 30} In the sixth assignment of error, appellant argues that the trial court violated appellant's constitutional rights when it failed to accord any special weight or deference to the wishes of appellant, a fit custodial parent. We disagree.
 {¶ 31} As stated previously, grandparent visitation issues are governed by R.C. 3109.051(B)(1), supra. However, that statute must be read in light of relevant case law. In Troxel v.Granville (2000), 530 U.S. 57, 120 S.Ct. 2054, 147 L.Ed.2d 49, the United States Supreme Court held that there is a presumption that a fit parent acts in the best interest of his or her children, and a fit parent's decision regarding visitation should be afforded "special weight" or great deference. Troxel,530 U.S. at 69-70; Epps v. Epps (Aug. 9, 2001), Ashland App. No. 01COA01403, 2001 WL 914132. Thus, absent an allegation of parental unfitness, the parents' determination of their child's best interest must be afforded "special weight." See Troxel,530 U.S. at 69.
 {¶ 32} The Ohio Supreme Court considered the implications ofTroxel to Ohio law in Harrold v. Collier (Oct. 10, 2005),107 Ohio St.3d 44, 2005-Ohio-5334, 836 N.E.2d 1165. In Harrold, the Ohio Supreme Court recognized that "Ohio courts are obligated to afford some special weight to the wishes of parents of minor children when considering petitions for nonparental visitation. . . ." The Harrold Court also noted thatTroxel stated that there is a presumption that fit parents act in the best interest of their children but noted that the presumption is not irrefutable. Harrold,
supra, at ¶ 44. The Harrold Court concluded that "nothing in Troxel suggests that a parent's wishes should be placed before a child's best interests. Id.
 {¶ 33} In reviewing the merits in Harrold, the Ohio Supreme Court concluded that the trial court had complied with Troxel
for the following reasons:
 {¶ 34} "The trial court expressly weighed appellant's opposition to visitation between Brittany and appellees as a factor in its decision, thus protecting appellant's due-process rights. The court ultimately decided that Brittany's best interests in maintaining her relationship with appellees outweighed appellant's desire for no visitation. While the trial court did not use the words `special weight,' it is clear that the court gave due deference to appellant's wishes and concerns regarding visitation before determining that it was in Brittany's best interest to grant appellees' motion for grandparent visitation." Id. (Emphasis added.)
 {¶ 35} In this case, the Magistrate made the following findings and comments:
 {¶ 36} "The children have a good interaction and interrelationships [sic] with their parents, each other, and with both sets of grandparents. Obviously the children are closer to their mother and the maternal grandparents because the children are and have lived with them. However, the children have a good interaction and interrelationship with Judy and Don Brammer, their uncle Nicholas and Nicholas' children. The Wife lives in Westerville, Ohio. The Brammers live in Reynoldsburg, Ohio. The children are in school during the school year. The Brammers are both retired. The Wife works full time. The Husband is in the military flying between London, Afghanistan, and Iraq and has had very little leave. The children are age 12 and 6. The children are well adjusted to their home, school and community. The court did not interview the children. The mother has concerns for the health and safety of the children. The Brammers can address those concerns when the children are with them. The children will be together on all visitation and are the only siblings involved in this case. The mental and physical health of all parties is good. Celeste has not been willing to schedule any parenting time. The Brammers appear to be willing to reschedule missed visitation if there is a reasonable reason for missing visitation and in fact if the rescheduled visitation actually occurs. None of the Parties have abused or neglected children or committed an offense of violence. Celeste has not denied any visitation that has been court ordered. None of the current Parties except for Mark Brammer has established a residence or is planning to establish a residence outside of Ohio. Celeste would like visitation to be when Celeste determines it.
 {¶ 37} "This Court is aware of the decision in Troxel v.Granvillle (2000) 530 US 57. The Court of Appeals for the 5th district ruled Section 3109.051 constitutional in Eppsv. Epps (August 9, 2001), unreported, C.A. for Ashland County, Ohio. The Court of Appeals for the 7th District held otherwise in Oliver v. Feldner (June 21, 2002)149 Ohio App.3d 114. The Court of Appeals for the 5th District then revisited this issue in In re Talkington (August 9, 2004), unreported, C.A. Stark County. By a 2 to 1 vote, the Court reaffirmed the holding in Epps. Judge Edwards wrote a strong dissent relying on Oliver v. Feldner, but the current law of the 5th
district is that Section 3109.051 as written is constitutional and no additional findings have to be made." Magistrate's Decision, as adopted by the trial court.
 {¶ 38} Upon review, we find that the trial court gave special weight or due deference to appellant's wishes.[2]
Specifically, the trial court weighed appellant's opposition to visitation against other factors. The trial court considered appellant's concerns for the children's health and safety in light of the children's relationship with appellees. It is apparent from the trial court's findings that the court concluded that the children's best interest in maintaining their relationship with appellees outweighed appellant's wishes for no court ordered visitation. We conclude, as did the Court inHarrold, supra, that while the trial court did not use the words "special weight," the trial court gave due deference to appellant's wishes and concerns regarding visitation before concluding that appellees' motion for visitation with the children should be granted.
 {¶ 39} Accordingly, we overrule appellant's sixth assignment of error.
 {¶ 40} The judgment of the Delaware Court of Common Pleas is affirmed.
By: Edwards, J. Wise, P.J. and Hoffman, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Delaware County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] In assignments of error III and IV, appellant erroneously refers to R.C. 3109.05. Appellant actually based her assignments of error on R.C. 3109.051.
[2] We note that there are no allegations in the record that either appellant or Mr. Brammer are unfit to be parents.